SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ULSTER
----------------------------------------------------------------X

, an infant, by and through his mother and natural guardian, JANENE M. PATTERSON, individually,

                        Plaintiff(s),

- against -

SONIA E. GRAY, D.D.S., NEW PALTZ HEALTH CENTER and HUDSON RIVER HEALTHCARE, INC.,

                        Defendant(s).
----------------------------------------------------------------X

Index No.: 14-2103
Date Purchased: 7·09·2014
**SUMMONS**

Plaintiffs designate ULSTER County as the place of trial.

The basis of venue is: Ulster
Plaintiff(s) reside at:
New Paltz, NY
County of ULSTER

**To the above named Defendants:**

You are hereby summoned to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:    Kingston, New York
           July 08, 2014

FILED
3 H 42 M
JUL 0 9 2014

Nina Postupack
Ulster County Clerk

_____
ALFRED B. MAINETTI, ESQ.
MAINETTI, MAINETTI & O'CONNOR, P.C.
Attorneys for Plaintiff(s)
130 N. Front Street
Kingston, New York 12401
(845) 331-9434

To:

SONIA E. GRAY, D.D.S.
Family Pavillion
199 Atkins Ave.
Brooklyn, NY 11208

NEW PALTZ HEALTH CENTER
1 Paradies Ln.
New Paltz, NY 12561

HUDSON RIVER HEALTHCARE, INC.
1 Paradies Lane | New Paltz, NY 12561

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ULSTER
--------------------------------------------------------------X

               an infant, by and through his
mother and natural guardian, JANENE M. PATTERSON,      COMPLAINT
individually,

                                                       Index No.: 14-2103

                     Plaintiff(s),

        - against -

SONIA E. GRAY, D.D.S., NEW PALTZ HEALTH CENTER
and HUDSON RIVER HEALTHCARE, INC.,

FILED
3 H 42 M
JUL 0 9 2014
Nina Postupack
Ulster County Clerk

                     Defendant(s)
--------------------------------------------------------------X

~~Plaintiffs,~~ ~~an infant, by and through his mother and natural guardian, JANENE M. PATTERSON, individually, complaining of the defendants, by and through their attorneys, Mainetti, Mainetti & O'Connor, P.C.,~~ respectfully alleges as follows, upon information and belief:

### STATEMENT OF FACTS

1.     At all times hereinafter mentioned, plaintiff, JANENE M. PATTERSON, and infant plaintiff,          are residents of the County of Ulster, State of New York.

2.     At all times hereinafter mentioned, defendant, SONIA E. GRAY, D.D.S., is a ~~resident of the County of Kings, State of New York.~~

3.     At all times hereinafter mentioned, defendant, SONIA E. GRAY, D.D.S., was doing business as Dr. Sonia E. Gray, Doctor of Dental Surgery at 1 Paradies Ln. New Paltz, NY 12561.

4.   At all times hereinafter mentioned, defendant, SONIA E. GRAY, D.D.S., maintained an office for the practice of dental surgery at 1 Paradies Lane New Paltz, NY 12561, called HUDSON RIVER HEALTHCARE, INC.

5.   At all times hereinafter mentioned, upon information and belief, the defendant, HUDSON RIVER HEALTHCARE, INC. is a foreign corporation duly authorized to do business within the State of New York.

6.   At all times hereinafter mentioned, upon information and belief, the defendant, HUDSON RIVER HEALTHCARE, INC. had a principal place of business located at 1 Paradies Lane New Paltz, Ulster County, New York under the name of NEW PALTZ HEALTH CENTER.

7.   At all times herein mentioned, upon information and belief, the Defendant, HUDSON RIVER HEALTHCARE, INC., was and still is a domestic corporation organizing and existing under and by virtue of the Laws of the State of New York.

8.   That at all times hereinafter mentioned, upon information and belief, the Defendant HUDSON RIVER HEALTHCARE, INC., was and still is an unauthorized foreign corporation doing business within the State of New York.

9.   Upon information and belief, at all times hereinafter mentioned, the Defendant, HUDSON RIVER HEALTHCARE, INC. was and still is a foreign corporation duly authorized to do business within the State of New York.

10.  That at all times hereinafter mentioned, upon information and belief, the Defendant HUDSON RIVER HEALTHCARE, INC., was and still is a business entity doing business in the State of New York.

11. That at all times hereinafter mentioned, upon information and belief, the Defendant HUDSON RIVER HEALTHCARE, INC., was doing business as NEW PALTZ HEALTH CENTER at 1 Paradies Lane in the Village of New Paltz, County of Ulster and State of New York.

12. That at all times hereinafter mentioned, upon information and belief, the defendant, HUDSON RIVER HEALTHCARE, INC., contracted to supply goods and/or services within the State of New York.

13. That at all times hereinafter mentioned, upon information and belief, the Defendant HUDSON RIVER HEALTHCARE, INC., was operating through a certificate of doing business as "NEW PALTZ HEALTH CENTER" with a principal place of business in Ulster County, State of New York.

14. That at all times hereinafter mentioned, upon information and belief, the Defendant, SONIA E. GRAY, D.D.S., was an employee of Defendant, HUDSON RIVER HEALTHCARE, INC. d/b/a NEW PALTZ HEALTH CENTER and practiced as a Dentist in said health care facility in 1 Paradies Lane in the Village of New Paltz, County of Ulster and State of New York.

## AS AND FOR A FIRST CAUSE OF ACTION

15. Plaintiffs repeat, replead, and reallege each and every allegation contained in paragraphs numbered "1" through "14" with the same force and effect as if the same were more fully and at length set forth herein.

16. That on or about July 30th, 2013, and thereafter, infant plaintiff, _____ was placed under the care and treatment of defendant, SONIA E.

GRAY, D.D.S., herein for the purpose of dental surgery/treatment and care.

17. During said period of time, the defendant, SONIA E. GRAY, D.D.S., undertook to examine, diagnose, treat and render dental surgery services and care to the infant plaintiff, specifically, but not limited to consultation with other dental care providers, diagnosis of dental problems, prescriptive care, dental care and root canal treatment.

18. The defendant, SONIA E. GRAY, D.D.S., was negligent in the dental care, prescriptive care, root canal treatment and surgery provided infant plaintiff, from July 30th, 2013 and thereafter until discharge.

19. The defendant, SONIA E. GRAY, D.D.S., committed malpractice in defendant's professional undertaking with respect to infant plaintiff, in the care of treatment of including, but not limited to, improper root canal treatment, negligent performance of root canal treatment, failure to advise plaintiffs of broken files, failure to diagnose dental injury, failure to provide proper care, failure to ascertain the existence of broken files in root canal, perforation of the root and failure to properly treat such conditions and advise infant plaintiff and infant plaintiff's guardians of the existence of said various conditions and other conditions caused by the malpractice of defendant, SONIA E. GRAY, D.D.S., herein.

20. By reason of the aforementioned negligence and malpractice, the infant plaintiff, ., has sustained serious and severe personal injuries.

21. By reason thereof, the infant plaintiff, and plaintiff,

JANENE M. PATTERSON, individually, have also suffered economic losses in the nature of additional medical and other consequential expenses.

## AS AND FOR A SECOND CAUSE OF ACTION

22. Plaintiffs repeat, replead, and reallege each and every allegation contained in paragraphs numbered "1" through "21" with the same force and effect as if the same were more fully and at length set forth herein.

23. On or about July 30th, 2013, the infant plaintiff,                    , was placed under the care and treatment of defendant, SONIA E. GRAY D.D.S., an employee of defendant, HUDSON RIVER HEALTHCARE, INC. d/b/a NEW PALTZ HEALTH CENTER, herein for the purpose of dental care, surgery and treatment, including, but not limited to root canal therapy.

24. During said period of time, the defendant, SONIA E. GRAY D.D.S. undertook to examine, diagnose, treat and render dental surgery services of care to the infant plaintiff,                         , specifically, but not limited to improper root canal treatment, negligent performance of root canal treatment, failure to advise plaintiffs of broken files, failure to diagnose dental injury, failure to provide proper care, failure to ascertain the existence of broken files in root canal, perforation of the root and failure to properly treat such conditions and advise infant plaintiff and infant plaintiff's guardians of the existence of said various conditions and other conditions caused by the malpractice of defendant, SONIA E. GRAY, D.D.S., herein, all while an employee of defendant, HUDSON RIVER HEALTHCARE INC., d/b/a NEW PALTZ HEALTH CENTER.

25. The defendant, HUDSON RIVER HEALTHCARE, INC. d/b/a NEW PALTZ HEALTH CENTER, employed defendant, SONIA E. GRAY, D.D.S. as a dentist in its health care facility and while so employed, Defendant, SONIA E. GRAY, D.D.S., was negligent and guilty of malpractice in her professional undertaking in respect to infant plaintiff,                  and defendants HUDSON RIVER HEALTHCARE, INC. d/b/a NEW PALTZ HEALTH CENTER, are responsible in *respondeat superior* for such negligence and actions.

26. The defendant, HUDSON RIVER HEALTH CARE, INC. d/b/a NEW PALTZ HEALTH CENTER, failed to supervise, instruct and advise defendant, SONIA E. GRAY, D.D.S. in the dental care and treatment of infant plaintiff, herein and defendants, HUDSON RIVER HEALTH CARE, INC. d/b/a NEW PALTZ HEALTH CENTER, are responsible in *respondeat superior* for such negligence and actions.

27. By reason of the aforementioned negligence and malpractice of defendant, HUDSON RIVER HEALTH CARE, INC. d/b/a NEW PALTZ HEALTH CENTER, the infant plaintiff,                  , sustained serious and severe personal injuries.

28. By reason thereof, the infant plaintiff,                  and plaintiff, JANENE M. PATTERSON, individually, have also suffered economic losses in the nature of additional medical and other consequential expenses.

### AS AND FOR A THIRD CAUSE OF ACTION

29. Plaintiffs repeat, replead, and reallege each and every allegation contained

paragraphs numbered "1" through "28" with the same force and effect as if the same were more fully and at length set forth herein.

30. On or about July 30th, 2013, and to the date of discharge, the plaintiff, JANENE M. PATTERSON, mother and natural guardian of infant, ▬, contracted for the services of the defendant, HUDSON RIVER HEALTH CARE, INC. d/b/a NEW PALTZ HEALTH CENTER and SONIA E, GRAY, D.D.S., for compensation to perform dental care, prescriptive care, root canal treatment and surgery care upon infant plaintiff, ▬.

31. The plaintiff, JANENE M. PATTERSON, performed all of the terms of this contract to be performed on her part.

32. The defendant breached the terms of this contract by, among other things, failing to properly review and follow prescribed treatment guidelines, improperly performing root canal treatment, failing to remove broken endodontic files from the canal and causing infant plaintiff, ▬, to suffer severe and permanent injuries.

33. By reason of the breach of contract, infant plaintiff, ▬, has been substantially damaged.

34. Such damage includes the expenses for additional care and treatment to correct damages done by the defendant and all other expenses, present and future, reasonably related to the malpractice and breach of contract herein alleged.

35. The defendant, SONIA E. GRAY, D.D.S., an employee of HUDSON RIVER HEALTH CARE, INC. d/b/a NEW PALTZ HEALTH CENTER, was negligent and

guilty of malpractice in her professional undertaking with respect to infant plaintiff,         , and failed to follow accepted standards of practice in the examination, diagnosis, treatment and care of said infant plaintiff.

36. The defendant, HUDSON RIVER HEALTHCARE, INC. d/b/a NEW PALTZ HEALTH CENTER, was negligent and guilty of malpractice in its professional undertaking with respect to infant plaintiff, MATTHEW BARBIERI, and failed to follow accepted standards of practice in the examination, diagnosis, treatment and care of said infant plaintiff.

37. The defendant, HUDSON RIVER HEALTHCARE, INC. d/b/a NEW PALTZ HEALTH CENTER, was negligent in the practice and care in the employment of their employee, SONIA E. GRAY, D.D.S.

38. The defendant, HUDSON RIVER HEALTHCARE, INC. d/b/a NEW PALTZ HEALTH CENTER, employed defendant, SONIA E. GRAY, D.D.S. as a dentist in its health care facility and while so employed, Defendant, SONIA E. GRAY, D.D.S., was negligent and guilty of malpractice in her professional undertaking in respect to infant plaintiff,       , and defendants HUDSON RIVER HEALTHCARE, INC. d/b/a NEW PALTZ HEALTH CENTER, are responsible in *respondeat superior* for such negligence and actions.

39. By reason of the aforementioned negligence and malpractice, the infant plaintiff,        has sustained serious and severe personal injuries.

40. By reason thereof, the infant plaintiff,        has also suffered economic losses in the nature of additional medical and other expense. Such

damage include the expenses for additional dental care and treatment to correct damages done by the defendant and all other expenses, present and future, reasonably related to the malpractice and breach of contract herein alleged.

41. By reason thereof, the infant plaintiff, _____, has been permanently damaged by the defendants.

42. As a result thereof, the infant plaintiff, _____ has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction over the matter and is commensurate with her injuries.

## AS AND FOR A FOURTH CAUSE OF ACTION

43. The plaintiff, JANENE M. PATTERSON, repeats, repleads, and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if the same were more fully and at length set forth herein.

44. That the plaintiff, JANENE M. PATTERSON, is the mother and natural guardian of the infant plaintiff,

33. Prior to this accident, the plaintiff, JANENE M. PATTERSON, enjoyed the services, comfort, support and companionship of her son, the infant plaintiff, _____

34. As a result of this accident and injuries sustained by the infant plaintiff, _____, the plaintiff, JANENE M. PATTERSON, has been deprived of such comfort, services, support and companionship all to her damage in a sum which does exceed the jurisdictional limits of all other lower courts which would otherwise have jurisdiction, together with interest, costs and

disbursements of this action, and for such other relief as the Court deems just and proper.

WHEREFORE, plaintiff, JANENE M. PATTERSON, and infant plaintiff, , demand judgment against the defendants herein in an amount which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction on the First, Second, Third and Fourth Causes of Action alleged herein, together with the costs and disbursements of this action and such other and further relief as the Court may deem just and proper.

Dated:   July 8, 2014

Yours, etc.

MAINETTI, MAINETTI & O'CONNOR

ALFRED B. MAINETTI, ESQ.
Attorneys for Plaintiff(s)
130 North Front Street
Kingston, New York 12402
(845) 331-9434