UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

M.B., an infant, by and through his [mother]
and natural guardian, Janene M. Patterson,
Individually,

                        Plaintiff,

    -v-                                    1:14-CV-1355

SONIA E. GRAY, D.D.S.; NEW PALTZ
HEALTH CENTER; and HUDSON RIVER
HEALTHCARE, INC.,

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                   OF COUNSEL:

MAINETTI, MAINETTI & O'CONNOR, P.C.      ALFRED B. MAINETTI, ESQ.
Attorneys for Plaintiff
P.O. Box 3058
303 Clinton Avenue
Kingston, NY  12402

HON. RICHARD S. HARTUNIAN                CATHLEEN B. CLARK, ESQ.
United States Attorney for the                     Ass't United States Attorney
Northern District of New York
Attorneys for Defendants
James T. Foley U.S. Courthouse
445 Broadway, Room 218
Albany, NY  12207

DAVID N. HURD
United States District Judge

**DECISION and ORDER**

## I. INTRODUCTION

On July 9, 2014, plaintiff "M.B."—an infant, by and through his mother and natural guardian, Janene M. Patterson—initiated this action in New York State Supreme Court, Ulster County. This action stems from injuries M.B. sustained as a result of an allegedly botched root canal on July 30, 2013. Plaintiff asserts claims of dental malpractice, negligence, breach of contract, and loss of companionship against defendants Dr. Sonia E. Gray, D.D.S. ("Dr. Gray"), New Paltz Health Center, and Hudson River Healthcare, Inc. (collectively "defendants").

On November 6, 2014, defendants removed this action to federal court pursuant to 28 U.S.C. § 1441(a) and 42 U.S.C. § 233(c). They maintain that since Hudson River Healthcare, Inc.—as a grantee of the United States Department of Health and Human Services ("HHS")—is eligible for Federal Tort Claims Act ("FTCA") coverage and as Dr. Gray was an employee of Hudson River Healthcare, Inc. at the relevant time, plaintiff's exclusive remedy is against the United States pursuant to the FTCA. See 42 U.S.C. § 233(a).

Shortly after the removal, defendants filed a motion seeking to substitute the United States as the sole defendant in this action and, in turn, to dismiss for lack of subject matter jurisdiction. Plaintiff has failed to file any response to the motion, which was considered on submit without oral argument.

## II. DISCUSSION

Defendants correctly note that the United States is the only proper defendant to this action. Plaintiff alleges that the negligence and/or malpractice of Dr. Gray, an employee of a federally-funded healthcare clinic, caused the alleged harm. The FTCA specifically provides:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(1). Defendants have submitted a certification, made under the authority of the Attorney General, that Dr. Gray "was acting within the scope of her employment as an employee of the United States of America at the time of the alleged incidents." Defs.' Notice of Removal, Ex. 3, ECF No. 1-3. Accordingly, the United States will be substituted as the sole defendant in this action. See Hui v. Castaneda, 559 U.S. 799, 810 (2010) (such certification "transforms an action against an individual federal employee into one against the United States").

Defendants next argue that the complaint must be dismissed because plaintiff did not file an administrative claim. The FTCA mandates that, before filing a civil action, "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a); see also Torres v. United States, No. 12-CV-6011, 2014 WL 4805035, at *3 (E.D.N.Y. Sept. 26, 2014) (explaining that the administrative claim must be submitted within two years after the claim accrues).

There is no indication that plaintiff ever filed an administrative claim with the appropriate federal agency, HHS. Meredith Torres, a Senior Attorney in the General Law Division, Office of General Counsel, at HHS, confirmed that a search of the applicable claims database uncovered "no record of an administrative tort claim filed by Janene M. Patterson, Individually and as Mother and Natural Guardian of [M.B.], or an authorized representative

relating to Hudson River HealthCare, Hudson River HealthCare New Paltz and/or Sonia Gray, D.D.S." Defs.' Notice of Removal, Ex. 2, ECF No. 1-2, ¶ 4. Again, plaintiff has not offered any opposition to this argument.

Accordingly, the United States' motion to dismiss for lack of subject matter jurisdiction will be granted. See Porter v. Hirsch, 345 F. Supp. 2d 400, 403 (S.D.N.Y. 2004) ("The exhaustion requirement under § 2765(a) [sic] is jurisdictional, and failure to exhaust administrative remedies prior to bringing a claim under the FTCA divests the district court of subject matter jurisdiction over that claim.").

## III. **CONCLUSION**

Pursuant to the FTCA, the United States is the only proper defendant in this action. Further, plaintiff has failed to exhaust the available administrative remedies prior to initiating this civil action.

Therefore, it is

ORDERED that

1. Defendants' motion to substitute the United States as the sole defendant in this action is GRANTED and the Clerk of the Court is directed to amend the caption accordingly;

2. The United States' motion to dismiss this action is GRANTED; and

3. The Complaint is DISMISSED in its entirety.

IT IS SO ORDERED.

The Clerk of the Court is directed to enter judgment accordingly and close the file.

_____
United States District Judge

Dated: February 13, 2015
       Utica, New York.